## No. 4.

### JOHN GIBSON ET AL. VS. MARY E. DOOLEY ET AL.

An action to annul a will was properly brought in the Parish Court, before the Constitution of 1879, even after the heirs had been put in possession.

A will made in favor of a concubine, and in violation of Article 1481, C. C., is null and void.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor*, J.

---

J. L. Hargrove for Plaintiffs and Appellants :

First—" The compromise fell the moment the obligor refused to perform the conditions." 23 A. 712, Barrett vs. Hord.

Second—The defendant cannot be permitted to enjoy the fruits of the compromise, and at the same time repudiate the corresponding obligations imposed on him by it. 23 A. 784, Stewart vs. Haas.

Third—Aleatory contracts are contracts generally as to a hazard, and not binding until performed by each party, and cannot be plead without proof of consummation by each, and may be attacked or explained in any manner or suit when attempted to be plead or enforced.

Fourth—When a party comes into a court of law or equity for relief he must show and *prove* that he has done on his part what law or equity requires. " Maxims."

Fifth—No cause of action arises from a bare agreement, *nudum pactum*.

Sixth—" The parish court has exclusive jurisdiction of suits to annul wills, and set aside the probates of the same." 30 A. 752, Hoover vs. York & Hoover.

Seventh—" The nullity of proceedings for the probate of a will, and of the orders in execution of it, must be sued for in the court which decreed the probate and made the orders." 30 A. 752.

Looney & Elstner and Hicks & Hicks for Defendants and Appellees.

---

The opinion of the Court was delivered by

LEVY, J. This suit was brought in the Parish Court of Caddo by the heirs (brothers and sisters) of C. W. Gibson, deceased, for the purpose of annulling the will of said Gibson. The petition was filed in said parish court on the 3rd of December, 1879, and its prayer, after that for citation etc., is as follows : " And on final hearing of this case they pray that the said will of C. W. Gibson, deceased, and the probate of the same, be annulled, set aside and vacated, and be declared of no

effect as to petitioners, or to any portion of the immovable property of the succession of C. W. Gibson, deceased." The suit thus instituted in the parish court was by virtue of the provisions of the Constitution of 1879 transferred to the district court of Caddo, the successor of said parish court, the business of the latter being merged in that of the district court.

The defendants filed in the parish court an exception to its jurisdiction on the ground that the succession of Gibson had been long since closed, and the property thereof delivered to the heirs, legal and instituted, and therefore the parish court was without jurisdiction to hear and determine the case presented for adjudication in plaintiff's petition. This exception was tried in the district court after the cause had been transferred thereto, and the exception was overruled. The court did not err in its action. The parish court during its existence had jurisdiction of cases in which the only question involved was the nullity or validity of a will, and the demand was only to decree its nullity and vacate the dispositions made in it.

The prayer of the petition, which we have quoted above, determines the character of the action, and clearly brings the case within the jurisdiction of the parish court, the district court taking the case, as its successor, as it stood. The original investiture of jurisdiction was transmitted to the district court by operation of the Constitution. The decision in *Robert vs. Allier*, 17 La. 15, relied upon by defendants, and the other cases cited as affirming the doctrine therein laid down, fully sustain our views on this subject. In that case (17 La. 15) the Court said : "Whenever the validity or legality of a will is attacked and put at issue at the time that an order for its execution is applied for, or after it has been regularly probated and ordered to be executed, but previous to the heirs or legatees coming into possession of the estate, Courts of Probate alone have jurisdiction to decree it void, or say it shall not be executed. *But, where an action of revendication* is instituted by an heir at law against the testamentary heir or universal legatee who has been put in possession of the estate, and who acts upon the will as his title to the property, district courts are the proper tribunals in which suits must be brought." See 31 An. 506 ; 26 A. 611 ; 25 A. 144 ; 28 A. 367. Here no action of revendication was instituted, but simply a suit for the nullity of the will. There is no prayer for ejectment, or that plaintiffs may be put into or quieted in their possession of property claimed under the will.

Defendants then filed their answer, in which they made a general denial, and specially averred that since the filing of the suit " the plaintiff, by solemn act and deed, sold, transferred, and relinquished to defendant all the property, rights, demands, and claims set up in this ac-

tion," a copy of which act and deed was annexed to her answer. Plaintiff objected to the introduction in evidence of this deed or agreement (purporting to be a transaction and compromise), and moved to strike out the second portion of the answer, in which the above mentioned special averments were made. The simple issue presented to the court was that of the nullity or validity of the will, and the compromise or transaction, whatever might be its effect as to the property relinquished, had no relation nor bearing to the question involved, i. e., the validity of the testament. It was totally irrelevant as regards the demand in plaintiff's petition, and the evidence offered to sustain the answer should not have been admitted on the trial of the case.

The grounds on which the nullity of the testament are urged are that the defendant, Mary E. Dooley, the legatee under said will, then known as Eliza Gibson, and the said C. W. Gibson, "had been living together long before and at the death of the said C. W. Gibson in open concubinage, said Eliza Gibson being the kept woman or concubine of the said C. W. Gibson for many years previous to and at the time of making and signing said will ; that the said will and bequest are contrary to public policy, and the policy of the law, and is and was in positive violation of article 1481 of the Civil Code of Louisiana." The evidence in the record fully sustains the allegations of plaintiff's petition in this regard. The fact of the concubinage between the parties is fully established, and the nullity of the testament must be decreed.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be annulled, avoided, and reversed, and proceeding to render such judgment as should have been rendered in this case, it is ordered, adjudged, and decreed that the will of Charles W. Gibson, deceased, made and signed on the 30th day of July, 1869, and admitted to probate by the Parish Court of the parish of Caddo, be, and the same is hereby annulled and avoided, and the order of said Probate Court, admitting said will to probate, be set aside.

And it is further ordered, adjudged, and decreed that all the rights and claims, which the respective parties may have under and by virtue of the act and deed of transaction and compromise of the 23rd of December, 1879, be reserved to them, and that the appellees do pay the costs of this appeal, the costs of the lower court to be paid by the defendants.